### No. 444

No. 20237—New York Life Insurance Company v. Anna E. Snyder. Error to the Court of Appeals of Richland County.

723. LIFE INSURANCE—1247 Waiver—480 Evidence—972a Public policy.

1. Waiver by applicant of provision of law 11494 GC. forbidding physician from disclosing knowledge gained by examination of patient, may be enforced.

2. Insurance company holding the waiver, notwithstanding such law, it has a right to require physician or surgeon to testify, as to knowledge which tends to support a defense, where claim of company is procurement of policy by false and fraudulent statements in the application.

3. Neither execution of such waiver, nor its enforcement is against public policy.

KINKADE, J.

1. When an applicant for life insurance incorporates in his written and signed application therefor a waiver in terms as follows: "I expressly waive, on behalf of myself and of any person who shall have or claim any interest in any policy issued hereunder, all provisions of law forbidding any physician or other person who has heretofore attended or examined me, or who may hereafter attend or examine me, from disclosing any knowledge or information which he thereby acquires," such waiver may be enforced by the insurance company against any and all parties having or claiming to have any interest in the policy issued pursuant to such waiver.

2. Notwithstanding the provisions of Section 11494, General Code, and independent of the provisions of said section, the insurance company holding such waiver has a right to require any physician or surgeon to testify concerning any facts he may have knowledge of which tend to support a defense against the enforcement of the policy based upon the claim of the insurance company that the policy was procured by false and fraudulent statements and representations made by the insured in his written application for the insurance.

3. Neither the execution of such a waiver by the insured nor its enforcement by the insurance company prior to or after the death of the insured is in any way violative of public policy.

Judgment reversed.

Marshall, C. J., Day, Allen, Robinson, oJnes and Matthias, JJ., concur.